CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 12, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROBERT KENNETH HILL,           )
    Plaintiff,                 )    Civil Action No. 7:26-cv-00340
                               )
v.                             )
                               )    By: Elizabeth K. Dillon
COURT AND LEGAL DEPARTMENT      )       Chief United States District Judge
OF CORRECTIONS,                )
    Defendant.                 )

## MEMORANDUM OPINION

Plaintiff Robert Kenneth Hill, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1, Compl.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes Hill's complaint must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Hill alleges that he has been unable to obtain missing credit toward his sentence. He requests that "22 days from Tazewell and Abingdon along with the 10 days from Duffield be

applied to my current confinement . . . ."  (Compl. 3.)  This action must be dismissed because Hill has sued the Virginia Department of Corrections, which is not a person subject to suit pursuant to § 1983.  *See Moore v. Va. Dep't of Corr.*, Civil Action No. 7:23cv00344, 2024 WL 923199, at *1 (W.D. Va. Mar. 4, 2024).  Further, to the extent that Hill is attempting to shorten the length of his sentence, a § 1983 action is not the correct vehicle for such a pursuit.  A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (summarizing the distinctions between § 1983 and habeas actions).

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: June 12, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

2